UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JASON RICHEY d/b/a ON TIME SERVICES, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:07-CV-466 |
| | ) | | (VARLAN/SHIRLEY) |
| MOTION INDUSTRIES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on the Defendant Motion Industries, Inc.'s Renewed Motion for Judgment as a Matter of Law, to Alter or Amend Judgment Under Federal Rules of Civil Procedure 59(e) or in the Alternative, for New Trial under Federal Rule of Civil Procedure 59(a). [Doc. 77.] The Defendant, Motion Industries, Inc., ("Defendant Motion") has filed response, reply, and revised response briefs in support of this motion. [Docs. 78, 85, 90.] The Plaintiff, Jason Richey d/b/a On Time Services, ("Plaintiff Richey") has filed a brief in opposition to the motion. [Doc. 79]. The matter is now ripe for adjudication. For the reasons set forth herein, Defendant Motion's motion will be **DENIED**.

**I.    RELEVANT BACKGROUND**

Plaintiff Richey is self-employed and operates a delivery business known as On Time Services. Plaintiff Richey began providing delivery services to Defendant Motion's Knoxville, Tennessee, branch in the 1990s and continued to do so until 2007. Plaintiff and the Knoxville branch manager, Tony Widner ("Mr. Widner"), signed a "Contractor

Agreement" dated August 10, 2004.  In Article 3 entitled "Contract Price," Plaintiff wrote that Defendant would pay him $3800 on a monthly basis for delivery services until August of 2009.  The Contractor Agreement also stated that it would renew automatically in August of 2009 for 60 months ending in August of 2014.  In a letter dated May 15, 2007, Plaintiff was provided notice that Defendant Motion was executing a withdrawal from an agreement with Plaintiff Richey effective June 30, 2007.  Plaintiff subsequently filed a breach of contract action in state court, which was then removed to the Court on the basis of diversity jurisdiction.

Plaintiff Richey's breach of contract claim was tried before a jury on May 11-14, 2009.  The jury returned a verdict in favor of the Plaintiff Richey, finding that Defendant Motion breached its contract with Plaintiff Richey by terminating his delivery services.  The jury awarded him $98,800 in damages.

**I.      Renewed Motion for Judgment as a Matter of Law**

Defendant Motion contends that it is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) because Plaintiff Richey failed to meet his burden of proving the Contractor Agreement was a valid and enforceable contract.  Defendant Motion argues that no reasonable trier of fact could find that Mr. Widner had actual or apparent authority to sign the Contractor Agreement.  Plaintiff Richey responds that Defendant Motion is not entitled to judgment as a matter of law because there is sufficient evidence in the record to support the jury's verdict.

2

A motion for judgment as a matter of law may be renewed after entry of judgment. Fed. R. Civ. P. 50(b). "In diversity cases, when a Rule 50 motion for judgment as a matter of law is based on a challenge to the sufficiency of the evidence, this Court applies the standard of review used by the courts of the state whose substantive law governs the action." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 466 (6th Cir. 2009) (quoting *Kusens v. Pascal, Co.*, 448 F.3d 349, 360 (6th Cir. 2006)). Under Tennessee law, the Court does not "weigh the evidence," but rather "take[s] the strongest legitimate view of the evidence in favor of the plaintiff, indulging in all reasonable inferences in his favor, and disregarding any evidence to the contrary." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 303 (6th Cir. 2007) (citations omitted). "A grant of judgment as a matter of law is appropriate if 'reasonable minds could not differ as to the conclusion to be drawn from the evidence.'" *Id.* (citations omitted). To grant this motion, there should be "no material evidence in the record that would support a verdict for the plaintiff." *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993).

The Court has carefully considered all the evidence presented at trial and the arguments made by the parties. Based on a review of the record as a whole, the Court does not find that the evidence is so one-sided that reasonable minds could not differ as to the conclusion to be drawn from the evidence. There is trial evidence supporting Plaintiff Richey's position regarding Mr. Widner's actual authority to enter into the Contractor Agreement on behalf of Defendant Motion. An agent's actual authority "consists of the powers which a principal directly confers upon an agent or causes or permits him to believe

himself to possess." *Milliken Group, Inc. v. Hays Nissan, Inc.*, 86 S.W.3d 564, 567 (Tenn. Ct. App. 2001) (citation omitted). Tennessee courts have recognized that "[a]ctual authority flows from the manifestations of the principal to the agent." *Id.* In this case, Mr. Widner's actual authority is supported by the following evidence: (1) Mr. Widner's branch manager responsibilities as the highest ranking official at the Knoxville branch; (2) the various types of contracts branch managers have signed at the branch level; and (3) the outsourcing of services by other branches.

Additionally, there is evidence to support a finding that Mr. Widner had apparent authority. The elements of apparent agency are: (1) the principal actually or negligently acquiesced in another party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment. *Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 432-33 (Tenn. 2008). At least one Tennessee court found the first element satisfied when a defendant put its employee "in a position of authority as its manager" and thus "created the appearance that [the employee] had authority from [the defendant] to manage the branch office." *Bellsouth Adver. and Publ'g Corp. v. Primary Residential Mortgage, Inc.*, No. M2007-00200-COA-R3-CV, 2008 WL 624846, at *4 (Tenn. Ct. App. Mar. 7, 2008). Likewise, in this case, evidence that Defendant Motion placed Mr. Widner into a position of authority as branch manager of the Knoxville branch sufficiently satisfies this element. The following evidence supports a finding of Plaintiff Richey's good faith: (1) the negotiations between Plaintiff Richey and Mr. Widner regarding the Contractor

4

Agreement; (2) Plaintiff Richey's testimony about a previous agreement with Defendant Motion; and (3) Plaintiff Richey's testimony about seeing operations managers, who are one step beneath branch mangers, enter into contracts followed by the company. As for the third element regarding detrimental reliance, there is evidence that Plaintiff Richey agreed to a set price for his services in exchange for a guaranteed term with Defendant Motion, which would result in detrimental reliance when the contract was terminated early. To the extent Defendant Motion contends that it cannot be held liable for an agreement it did not know about, the Court notes that apparent authority and liability for breach of contract can exist even when a defendant is unaware of the agreement made between its branch manager and a third party. *See Bellsouth Adver. and Publ'g Corp.*, 2008 WL 624846, at *3-6.

In light of the trial evidence supporting Plaintiff Richey's breach of contract claim, the Court is unconvinced that there is "no material evidence in the record that would support a verdict for the plaintiff." *Williams*, 860 S.W.2d at 857. In its motion for judgment as a matter of law, Defendant Motion has essentially asked the Court to weigh the evidence in this case and judge the credibility of witnesses, which the Court cannot do under the applicable standard of review. Accordingly, Defendant Motion's renewed motion for judgment as a matter of law will be denied.

## II. Motion to Alter or Amend the Verdict, or in the Alternative, Motion for a New Trial

In the alternative, Defendant Motion requests that the Court alter or amend the verdict rendered by the jury, or in the alternative, grant it a new trial on the issue of damages.

Defendant Motion contends that the jury's verdict on damages is not supported by the proof and is impermissible under Tennessee law. Defendant Motion argues that the jury's award of $98,800 was based on a calculation using Plaintiff Richey's gross profits rather than net profits, so the jury award should be reduced to $32,500. In his response, Plaintiff Richey contends that the damages should not be remitted because it is within the range of compensatory damages supported by proof presented at trial.

Fed. R. Civ. P. 59(a) provides in part that the "court may, on motion, grant a new trial on all or some of the issues -- and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(e) provides for the filing of a "motion to alter or amend a judgment." In this case, Defendant Motion seeks remittitur or, in the alternative, a new trial on damages. The Sixth Circuit has recognized that a "jury verdict should not be remitted by a court unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 905 (6th Cir. 2004) (citation omitted). The Sixth Circuit's remittitur standard favors maintaining the award, unless the award is (1) beyond the range supportable by proof, (2) so excessive as to shock the conscience, or (3) the result of a mistake. *Id.* (citation omitted). Thus, a "trial court is within its discretion in remitting a verdict only when, after reviewing all evidence in the light most favorable to the awardee, it is convinced that the verdict is clearly excessive, resulted from passion, bias or prejudice; or is so excessive or inadequate as to shock the judicial

6

conscience of the court." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 443 (6th Cir. 2000)).

When viewing the evidence in a light most favorable to Plaintiff Richey, the Court does not find that the award was beyond the range supportable by proof, so excessive as to shock the conscience, or the result of a mistake. While Defendant Motion insists that it is clear that the jury mistakenly calculated damages based on Plaintiff Richey's gross profits, the Court notes that the verdict form in this case did not indicate how the jury arrived at the amount of damages awarded in this case. Furthermore, there is at least some credible evidence to support the jury's $98,800 verdict. *See American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004). For example, Plaintiff Richey has noted that, under Defendant Motion's manner of calculation, the amount of damages would be in the same range as the damages awarded when calculating based on the automatic renewal provision of the Contractor Agreement. The Court notes that "[t]he law does not require exactness of computation in suits that involve questions of damages growing out of contract." *St. John v. Bratton*, 150 S.W.2d 727, 729 (Tenn. Ct. App. 1941). Furthermore, the Court reiterates that Plaintiff Richey benefits from viewing the evidence in a light most favorable to him for purposes of this motion. As a result, the Court is unpersuaded that a new trial for damages or remittitur is proper given the evidence in this case.

## IV. Conclusion

For the reasons set forth herein, the Defendant Motion Industry Inc.'s Renewed Motion for Judgment as a Matter of Law, and Motions in the Alternative for New Trial, or in the Alternative for Remittitur [Doc. 77] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
