UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JASON RICHEY, d/b/a ON TIME SERVICES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:07-CV-466 (VARLAN/SHIRLEY) |
| MOTION INDUSTRIES, INC., | ) ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff in this case, Jason Richey, d/b/a On Time Services, prevailed in a jury trial over defendant Motion Industries, Inc. [*see* Doc. 72]. The jury returned a verdict in plaintiff's favor in the amount of $98,800.00 [*Id.*]. Plaintiff's counsel then filed a motion for attorneys' fees, requesting that the Court award $148,905.00 in attorneys' fees and $1,183.97 in nontaxable expenses [Doc. 82]. Defendants have responded in opposition to that request [Doc. 86]. Plaintiff has filed a reply to the response [Doc. 92].

This Court referred plaintiff's motion to Magistrate Judge C. Clifford Shirley [Doc. 96]. The magistrate judge held a hearing on November 24, 2009 [Doc. 103]. The magistrate judge filed a Report and Recommendation (the "R&R") [Doc. 108] recommending that the motion be granted in part and denied in part. Plaintiff has filed objections to the R&R [Doc. 109]. Defendant has filed a response in opposition to those objections [Doc. 110]. Plaintiff has filed a reply to the response [Doc. 111].

This matter is before the Court on plaintiff's objections to the R&R.

**I.     Standard of Review**

The Court must conduct a de novo review of those portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**II.    Analysis**

Plaintiff raises two objections to the R&R. First, he argues that the R&R "fails to consider the relevant factors necessary for the calculation of a reasonable award of attorneys' fees pursuant to Tennessee Jurisprudence and the Tennessee Rules of Professional Conduct" [Doc. 109]. Second, and in the alternative, he argues that the R&R fails "to rely upon the entirety of the representation agreement [at issue in this case], instead focusing solely on the June 5, 2007 portion of the representation agreement" [*Id.*]. The Court considers each objection below.

> **A.    Whether the R&R Erred in Failing to Consider the Relevant Factors Necessary for the Calculation of a Reasonable Award of Attorneys' Fees Pursuant to Tennessee Jurisprudence and the Tennessee Rules of Professional Conduct**

Plaintiff first argues that the R&R fails to consider the relevant factors necessary for the calculation of a reasonable award of attorneys' fees pursuant to Tennessee Jurisprudence and the Tennessee Rules of Professional Conduct [*Id.*]. Plaintiff contends that the magistrate

2

judge "improperly bases his decision solely on the representation agreement between [plaintiff] and his counsel, to the exclusion of factors which Tennessee courts are instructed to consider" [*Id.*]. In his reply, plaintiff further contends that the "Court should review the factors applicable in Tennessee law and award a judicially determined reasonable attorneys' fee to [p]laintiff as the prevailing party" [Doc. 111].

Defendant disagrees. Defendant contends that, under the "American rule," parties bear their own litigation expenses except where a statute or contract provides otherwise [Doc. 110]. *See Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) ("Under the American rule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies . . . ."). Defendant further contends that, because the agreement between the parties in this case specifically provides that "any legal fees incurred" are defendant's responsibility, the Court is constrained in awarding attorneys' fees to plaintiff by the plain terms of that agreement [Doc. 110]. Defendant finally contends that the application of the terms of the relevant representation agreement as identified by the magistrate judge yields the appropriate award of attorneys' fees [*Id.*].

The Court finds no error in the magistrate's award of attorneys' fees pursuant to the terms of the representation agreement in this case. Those terms, as interpreted by the magistrate judge and as explained *infra* Part II.B, require plaintiff to pay his counsel fees amounting to one-third of his gross recovery in this action. Plaintiff argues that the magistrate judge, rather than simply enforcing the contract provision as written, should have

3

conducted a "reasonableness" analysis of this provision. But all of the cases which plaintiff cites in support of this argument involve contractual or statutory provisions requiring the Court to award a "reasonable" fee. *See Hamlin v. Charter Twp. of Flint*, 165 F.3d 426, 437 (6th Cir. 1999) ("Both statutes [at issue] provide that prevailing parties are entitled to reasonable attorneys' fees."); *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 37 v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984) (quoting 29 U.S.C. § 216(b)) ("The district court award of fees followed the statutory discretion . . . that 'the court . . . shall, in addition to any judgment awarded to a plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant.'"); *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988) ("[W]here an attorney's fee is based upon a contractual agreement expressly providing for a reasonable fee, the award must be based upon the guidelines by which a reasonable fee is determined."); *McNeil v. Nofal*, 185 S.W.3d 402, 412 (Tenn. Ct. App. 2005) ("The notes involved in this suit provided for the collection of reasonable attorney's fees upon default.").

No such provision exists in this case. So while it is true that where parties "specify a reasonable fee rather than a percentage of recovery, it is clear that they expect a court to adjudicate the issue of a reasonable fee," it is also true that "[t]he parties are entitled to have their contract enforced according to its express terms." *Wilson Mgmt. Co.*, 745 S.W.2d at 873. There was no need for the magistrate judge to conduct a reasonableness analysis of the fee in this case since the parties expressly agreed to a fee amounting to one-third of the plaintiff's recovery. The Court thus finds no error.

4

The Court now considers plaintiff's second objection.

**B. Whether the R&R Erred in Failing to Rely Upon the Entirety of the Representation Agreement, Instead Focusing Solely on the June 5, 2007 Portion of the Representation Agreement**

Plaintiff next argues that R&R erred in failing to rely upon the entirety of the representation agreement at issue in this case, instead focusing solely on the June 5, 2007 portion of the representation agreement [Doc. 109]. Plaintiff contends that the magistrate judge erred in considering only the attorneys' fees provision in the June 5, 2007 representation letter from plaintiff's counsel to plaintiff (the "2007 letter"), rather than the provision in the 2007 letter as well as the provision in the June 15, 2009 representation letter from plaintiff's counsel to plaintiff (the "2009 letter") [*Id.*].[1] Plaintiff argues that the magistrate judge should have considered these two letters as "two parts of the same whole" in calculating the award of attorneys' fees in this case [*Id.*].

Defendant disagrees. He contends that, because the language of the 2007 letter provided that its terms could only be modified in writing, and because written modification only occurred after the verdict was rendered, only the terms of the 2007 letter apply. He thus concludes that the magistrate judge's award of one-third of the gross recovery in this action, pursuant to the terms of the 2007 letter, was correct.

The Court agrees with defendant. The 2007 letter provides that the "fee for the legal services rendered on [plaintiff's] behalf in this case will be one-third of the gross recovery"

---

[1] The R&R describes these communications interchangeably as "letters" and "agreements."

[Doc. 105-2]. The 2007 letter further provides that the "agreement constitutes the entire contract of representation between these parties and shall not be amended or construed to be amended unless the amendment is in writing and signed by the firm and [plaintiff]" [*Id.*]. Plaintiff and a firm representative signed the 2007 letter in "acknowledge[ment] and confirm[ation of] their agreement to all of the terms of this contract of representation as set forth herein" [*Id.*].

After trial, and after delivery of a verdict in plaintiff's favor, plaintiff and plaintiff's counsel executed the 2009 letter. In that letter, plaintiff's counsel stated that she was writing to "clarify . . . the method in which our attorney-client agreement will function with regard to fees in the event that the Court awards attorneys' fees to [plaintiff] as the prevailing party" [Doc. 105-1]. She stated further that the firm would "be entitled to either a one-third contingency fee, or the award of attorneys' fees made by the Court, whichever is greater" [*Id.*].

The question before the magistrate judge was thus whether to enforce the agreement in the 2007 letter, which consisted solely of a contingency fee arrangement and under which the parties had operated until a month after trial, or to enforce the terms of the 2009 letter, which offered plaintiff's counsel the possibility of more than one-third of plaintiff's gross recovery in this case. The magistrate judge declined to enforce the terms of the 2009 letter, finding that it was undertaken by plaintiff and plaintiff's counsel with the "benefit of post-verdict knowledge," and at a time when "the chances of an award of attorneys' fees being

6

entered had increased substantially" [Doc. 108].[2] The Court found that such a post-verdict modification, which in this case produced a fee request by plaintiff's counsel of $163,227.50, was "unreasonable on its face" [Doc. 108].[3] This Court agrees with that finding.

## III. Conclusion

After careful review of this matter, the Court agrees with Magistrate Judge Shirley's recommendation, which the Court adopts and incorporates into its ruling. The Court **OVERRULES** plaintiff's objections [Doc. 109]. The Court **ACCEPTS IN WHOLE** the R&R [Doc. 108]. The Court **GRANTS in part** and **DENIES in part** plaintiff's motion for attorneys' fees and related nontaxable expenses [Doc. 82]. The Court **AWARDS** plaintiff $34,703.96.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] *See Gametech Int'l, Inc. v. Trend Gaming Sys., LLC*, 380 F. Supp. 2d 1084, 1094 (D. Ariz. 2005) ("While a prevailing party and its counsel are free to voluntarily renegotiate a binding fee agreement between themselves at any time, this [c]ourt will not foist the burden of increased fees upon the losing party post-verdict with the benefit of the prevailing party's 20/20 hindsight.").

[3] The maximum amount the jury could have awarded in this case was $150,000.00. The jury awarded plaintiff $98,800.00. The request for attorneys' fees exceeds both of these sums.